## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **ROBERT M. JACKSON**, on behalf of himself and others similarly situated, | :<br>:<br>: CASE NO. _____<br>: |
| Plaintiff, | :<br>: |
| v. | : **COLLECTIVE COMPLAINT FOR**<br>: **VIOLATIONS OF THE FAIR LABOR**<br>: **STANDARDS ACT** |
| **BALL METAL BEVERAGE CONTAINER CORP.**, | :<br>: **JURY DEMAND ENDORSED HEREON**<br>: |
| Defendant. | : |

Named Plaintiff Robert M. Jackson ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Collective Action Complaint against Defendant Ball Metal Beverage Container Corp. ("Defendant") for its failure to pay employees all overtime wages earned and seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

### INTRODUCTION

1. This case challenges certain policies and practices of Defendant that violate the FLSA for failure to properly calculate the regular rates of Named Plaintiff and those similarly situated, resulting in unpaid overtime.

2. Named Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Named Plaintiff brings this case on behalf

of himself and other "similarly situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

**JURISDICTION AND VENUE**

3. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant resides and operates in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

A. **Named Plaintiff**

5. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio. Named Plaintiff's consent form is attached as **Exhibit A**.

6. Named Plaintiff was employed by Defendant from approximately March 2000 through October 10, 2023, as an hourly, non-exempt "employee" of Defendant as defined in the FLSA. Specifically, Named Plaintiff was employed by Defendant as an hourly lead main painter at Defendant's location in Findlay, Ohio.

B. **Defendant**

7. Defendant is a for-profit Colorado corporation that resides, operates, and conducts substantial business activities in this District. Defendant's principal place of business is located at 9200 W. 108th Circle, Westminster, CO 80021.

8. Defendant is engaged in commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1), in that it has employees, including Named Plaintiff and others similarly situated,

engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Defendant has an annual gross volume of sales made or business done of not less than $500,000.00.

**FACTS**

10. Defendant employed Named Plaintiff and others similarly situated hourly employees in its production and manufacturing of various metal and aluminum packaging.

11. Upon information and belief, Defendant's 15 domestic locations are located in (1) Arizona, (2) California, (3) Colorado, (4) Florida, (5) Georgia, (6) Indiana, (7) Kentucky, (8) New York, (9) Ohio, (10) Pennsylvania, (11) Texas, (12) Virginia, (13) Washington, and (14) Wisconsin.[1]

12. Upon information and belief, Defendant applies substantially the same employment policies, practices, and procedures to all employees across all locations, including policies, practices, and procedures relating to the payment of wages and overtime compensation.

13. Defendant has a companywide policy of not including certain non-discretionary compensation into the regular rates of Named Plaintiff and other similarly situated hourly production employees resulting in the underpayment of overtime.

14. Such additional non-discretionary compensation includes, but is not necessarily limited to, shift differentials and annual bonuses.

---

[1] https://www.ball.com/our-company/our-story/locations-map (last viewed 12/4/23).

15. Named Plaintiff and others similarly situated routinely worked more than 40 hours per workweek. Therefore, Defendant's failure to properly calculate the regular rates of Named Plaintiff and other similarly situated hourly employees resulted in the underpayment of earned overtime compensation.

16. At all times relevant herein, Named Plaintiff and others similarly situated were "employees" of Defendant as defined in the FLSA.

17. At all times relevant herein, Defendant was an "employer" of Named Plaintiff and others similarly situated as that term is defined in the FLSA.

18. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

19. At all times relevant hereto, Defendant was fully aware of the fact that they were legally required to comply with the FLSA.

20. Defendant knew or had reason to know that they were not compensating Named Plaintiff and other similarly situated hourly employees for all properly calculated overtime pay that they actually earned.

21. Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or they otherwise failed to keep such records.

## FLSA COLLECTIVE ALLEGATIONS

22. Named Plaintiff brings the FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action individually and on behalf of all other similarly situated employees of the following opt-in collective:

> **All current and former hourly, employees of Defendant in all states identified in Paragraph 11 except California,[2] who were paid for 40 or more hours of work and were paid additional non-discretionary compensation, including but not necessarily limited to, shift-differential and annual bonuses, in any workweek from three (3) years preceding the filing of this Complaint through the final disposition of this case (the "FLSA Collective" or "FLSA Collective Members").**

23. Named Plaintiff and the putative FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

24. During all relevant times, Defendant did not properly calculate the overtime earned by Named Plaintiff and the putative FLSA Collective Members.

25. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation unpaid in violation of the FLSA, liquidated damages, and attorneys' fees.

26. Named Plaintiff is representative of the FLSA Collective and is acting on behalf of their interests as well as his own in bringing this action.

27. The identities of the putative FLSA Collective Members are known to Defendant and readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

---

[2] The overtime claims considered in the following cases are unrelated to this case because they concern California employees only and do not concern shift-differential: *Westfall v. Ball Metal Beverage Container Corp.*, E.D.Cal., Case No. 2:16-cv-02632-DAD-CKD; *Martin v. Ball Corporation et al.*, E.D.Cal., Case No. 2:21-cv-01049-DAD-CKD.

28. The net effect of Defendant's aforementioned policies and/or practices is that Defendant willfully failed to pay Named Plaintiff and the FLSA Collective Members all properly calculated overtime wages earned. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## CAUSES OF ACTION

### COUNT ONE
### (FLSA – Collective Action for Unpaid Overtime)

29. All preceding paragraphs are realleged as if fully rewritten herein.

30. This claim is brought as part of a collective action by Named Plaintiff, individually and on behalf of the FLSA Collective.

31. The FLSA requires that employees receive overtime compensation at one-and-one-half times (1.5x) their regular rates of pay for hours worked in excess of 40 per workweek. 29 U.S.C. § 207(a)(1).

32. The regular rate must include all non-discretionary compensation, including but not limited to shift differential and annual production bonuses.

33. Defendant employed Named Plaintiff and the FLSA Collective Members.

34. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

35. Named Plaintiff and the FLSA Collective Members regularly worked in excess of 40 hours in one or more workweek(s) but were not paid the properly calculated earned overtime wages.

36.     Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by failing to properly calculate overtime because of Defendant's companywide policy and/or practice described herein.

37.     Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay all earned overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

38.     The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

39.     As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime compensation, liquidated damages, interest, attorneys' fees, costs, and all other remedies available on behalf of himself and the FLSA Collective Members.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, individually and on behalf of all persons similarly situated, prays that this Honorable Court:

A.      Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B.      Enter judgment against Defendant, and in favor of Named Plaintiff and the Opt-Ins who join this case pursuant to the FLSA;

C.     Award Named Plaintiff and the Opt-Ins who join this case pursuant to the FLSA actual damages for unpaid wages;

D.     Award liquidated damages to Named Plaintiff and the Opt-Ins who join this case pursuant to the FLSA;

E.     Award Named Plaintiff and the Opt-Ins who join this case pursuant to the FLSA attorneys' fees, costs, and disbursements; and,

F.     Award Named Plaintiff and the Opt-Ins who join this case pursuant to the FLSA further and additional relief as this Court deems just and proper.

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: December 4, 2023                     Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (OH Bar 0086195)
1360 E. 9th Street, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
rbaishnab@ohlaborlaw.com

Shannon M. Draher (OH Bar 0074304)
7034 Braucher St., N.W., Suite B
North Canton, Ohio 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com

*Attorneys for Named Plaintiff*
*and those similarly situated*